## CIRCUIT COURT OF PULASKI COUNTY

Maria Elena Douthat

v.

Dairyland Insurance Co. and
State Farm Mutual
Automobile Ins. Co.

May 12, 1993

BY JUDGE A. DOW OWENS

This matter is before the Court on a Motion for Judgment filed on May 22, 1992, by Maria Elena Douthat against Dairyland Insurance Company and State Farm Mutual Insurance Company seeking a judgment for pre-judgment interest awarded by a jury verdict even though the amount of such judgment would exceed the face amount of coverage provided by the respective policies of the defendants.

It is stipulated that a jury returned a verdict in favor of Maria Elena Douthat on November 5, 1991, in the sum of $95,000.00 with interest from October 5, 1987. Dairyland, with primary coverage, has paid its coverage of $25,000.00 and State Farm, with uninsured motorist coverage, has paid its full coverage of $75,000.00, representing a payment of $70,000.00 on the original judgment and the remaining $5,000.00 of coverage on pre-judgment interest, leaving in issue the question of liability for the payment of the balance of the pre-judgment interest, even though any such payment would exceed the stated policy coverages.

It is the position of plaintiff that § 8.01–382 clearly provides for the payment of interest on an award and does not distinguish between post-judgment interest and pre-judgment interest and that it is settled that it is the language of a statute and not the language of the policy that controls liability for interest.

It is the position of Dairyland that their policy is limited to "interest that accrues after entry of a judgment" and that the Court must rewrite

the terms of the policy to require the payment of pre-judgment interest and that no statute exists specifically requiring the payment of pre-judgment interest or any interest that exceeds the policy limits.

It is the position of State Farm that pre-judgment interest is a form of damages satisfied when State Farm paid its total coverage and that any recovery in excess of the policy limits must be against the individual responsible for the injuries. Although the Supreme Court of Virginia has not ruled upon the precise issue presented in this case, the cases cited would indicate that no distinction is made between pre-judgment and post-judgment interest or any limitation of coverage being restricted to the policy amounts. Section 8.01–382 simply provides for interest on any principal sum awarded and provides that the trier shall fix the period at which interest shall commence. If it was the intent of the General Assembly to distinguish between post-judgment and pre-judgment interest, the Assembly could have easily done so.

I am of the opinion that our current statutory and case law establishes pre-judgment and post-judgment interest and requires the payment of such, even though it may exceed the limits stated in the policy. Again, if the General Assembly did not intend the award of interest to exceed the policy limits, it could very simply have said so. The liability for such payment shall be in proportion to the coverage of the respective policies.

I will deny any request for attorney fees but award costs of $207.00.